### CLEA ECHOLS V. THE STATE.

No. 18075. Delivered March 25, 1936.
Rehearing Denied April 22, 1936.

The opinion states the case.

*Parker & Parker,* of Comanche, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for theft of an automobile; punishment, two years in the penitentiary.

Our attention is called to the fact that in the judgment of the court below appears the following: "It is therefore considered and adjudged by the court that the defendant Clea Echols is guilty of the offense of theft, receiving and concealing as found by the jury," etc. The verdict of the jury found the appellant guilty as charged in the first count of the indictment, in which he was charged with theft of said car. The judgment will be reformed and reference to the receiving and concealing will be eliminated therefrom.

Appellant and one A. J. Wilson were arrested by the city marshal of De Leon on March 2, 1935, in possession of a car which had been stolen from its owner in Breckenridge on the night of February 21, 1935, and when recovered its motor and serial numbers had been changed, and almost every part of the car had been changed in some regard. At the time of the arrest the officers took from appellant and his said companion Wilson certain documents, bills of sale, transfers, applications for license, etc., all of which seem to have been exhibited, identified and introduced in evidence upon this trial. A bill of sale to a car bearing the changed motor number of the one in question was introduced executed by one Jack Davis, conveying said car to this appellant. It was in testimony that A. J. Wilson was asked to write in the presence of witnesses, and his handwriting was compared with that of the bill of sale, and the name Jack Davis in the bill of sale of the car to this appellant, which was dated February 22, 1935, was testi-

fied to be in the handwriting of said Wilson. An application for registration of said car under its changed motor number, signed by this appellant of date February 26, 1935, was also in evidence.

Appellant's defense was an alibi, and he introduced a number of witnesses to testify that on the night of the alleged theft he was at his home and not in Breckenridge. The reconciliation of conflicting testimony is a matter for the jury. The testimony seems amply sufficient.

There are seven bills of exception, each of which has been examined and considered. Bill No. 1 complains of the admission of the bill of sale signed by Jack Davis, and the testimony descriptive thereof and conveying to the jury the information that the name of Jack Davis on said bill of sale was in the handwriting of A. J. Wilson. None of the grounds of objection stated are tenable. There is no certificate that the witness who testified to the identity of the handwriting was not qualified. A. J. Wilson was not on trial, and therefore the objection that Wilson was under arrest when he made said specimens of handwriting, which objection was personal to Wilson, could be of no avail to appellant.

There is a bill of exceptions taken to the argument of the district attorney which is qualified by the trial judge, and as qualified presents no error.

There is complaint in several bills of exception of the introduction of other instruments in writing found in possession of appellant and Wilson, the ground of objection being that they are not connected with the vehicle which is the subject of the alleged theft in this case. Without discussing these bills seriatim, if the contention of appellant should be granted in regard to same, since the evidence is plain and the verdict of the jury gave appellant the minimum penalty, we would be compelled to hold the admission of said documents of no possible harm to appellant.

The judgment is affirmed.

*Reformed and affirmed.*